**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EDDIE HORTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1307-CR-323 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant Hawkins, Judge
Cause No. 49G05-1204-FB-26822

**March 17, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Eddie Horton appeals his conviction for Class C felony child molesting. We affirm.

## Issue

Horton raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction for Class C felony child molesting.

## Facts

Z.A. was born in May 1999, and her sister, E.C., was born in February 1996. Z.A lived with her mother, A.C., E.C., her brother, her grandmother, and Horton, who was Z.A.'s stepfather. During the summer of 2011, Horton started coming into Z.A.'s bedroom at night on a daily basis, and he would touch her vagina and breasts. Horton would also send Z.A. text messages that said, "can I come see you, you look nice, please do not wear underwear tonight and stuff like that." Tr. p. 76. Z.A. told A.C. that Horton was "messing with [her]." Id. Z.A. showed A.C. a text message from Horton that said, "can I come see you." Id. at 77. A.C. wanted Z.A. to film Horton's behavior with a camcorder. Z.A. was unable to record him though. Eventually, A.C. confronted Horton and also learned that Horton had molested E.C. from the time that she was twelve years old until she was sixteen years old.

The State charged Horton with: Count I, Class B felony attempted sexual misconduct with a minor; Count II, Class C felony child molesting; Count III, Class C felony child molesting; Count IV, Class C felony attempted sexual misconduct with a minor; Count V, Class C felony sexual misconduct with a minor; and Count VI, Class B

2

misdemeanor battery, all related to Horton's conduct with E.C. The State also charged Horton with Count VII, Class C felony child molesting for touching or fondling twelve-year-old Z.A. After a trial, the jury found Horton not guilty of Counts I and VI, and guilty of the remaining charges. The trial court sentenced Horton to an aggregate sentence of sixteen years in the Department of Correction. Horton now appeals.

**Analysis**

Horton argues that the evidence is insufficient to sustain his conviction for Count VII, Class C felony child molesting related to his conduct with Z.A. Horton does not challenge his remaining convictions, which related to his conduct with E.C.

When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

Horton argues that the evidence is insufficient because Z.A.'s testimony was incredibly dubious. Appellate courts may apply the "incredible dubiosity" rule to impinge upon a jury's function to judge the credibility of a witness. Love v. State, 761 N.E.2d 806, 810 (Ind. 2002).

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated

testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

Id. (internal citations omitted).

Horton argues that Z.A.'s testimony is incredibly dubious because she gave contradictory accounts at trial and in her deposition regarding how many times Horton touched her and how and when she told A.C. Horton also argues that A.C.'s testimony conflicted with Z.A.'s testimony regarding when Z.A. told her of the molestations. The incredible dubiosity rule applies to conflicts in trial testimony but not conflicts between trial testimony and pretrial statements. Buckner v. State, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006). Further, the incredible dubiosity rule does not apply to conflicts between the testimony of two or more witnesses. Leyva v. State, 971 N.E.2d 699, 702 (Ind. Ct. App. 2012), trans. denied. Even if Z.A.'s testimony was contradictory on these issues, her testimony was not incredibly dubious. Horton's argument is a request that we reweigh the evidence and judge Z.A.'s credibility, which we cannot do.

According to Horton, Z.A. failed to give enough detail about the molestations. However, lack of detail does not make evidence incredibly dubious; it merely is a factor for the jury to weigh. Z.A. testified that, beginning in the summer of 2011, Horton would enter her bedroom every night and touch her breasts and vagina. Although E.C. gave more detail of Horton's molestations of her, Z.A.'s testimony was sufficiently detailed to sustain the conviction.

4

**Conclusion**

The evidence is sufficient to sustain Horton's conviction for Count VII, Class C felony child molesting. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.